# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4522-19

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

L.G.,

     Defendant,

and

M.B.,[1]

     Defendant-Appellant.

_____

IN THE MATTER OF A.B.,
a minor.

_____

Argued January 19, 2022 – Decided February 10, 2022

Before Judges Rothstadt and Mayer.

---

[1] We designate the parties by their initials to protect their privacy and preserve the confidentiality of these proceedings. R. 1:38-3(d)(12).

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FN-07-0397-18.

Beatrix W. Shear, Designated Counsel, argued the cause for the appellant (Joseph E. Krakora, Public Defender, attorney; Beatrix W. Shear, on the briefs).

Mary L. Harpster, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Mary L. Harpster, on the brief).

Melissa R. Vance, Assistant Deputy Public Defender, argued the cause for minor (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Meredith Alexis Pollock, Deputy Public Defender, of counsel; Melissa R. Vance, of counsel and on the brief).

PER CURIAM

Defendant M.B. appeals from a November 16, 2018 order finding he abused or neglected his daughter, A.B., and a July 9, 2020 order terminating the litigation after the daughter turned eighteen. At the fact-finding hearings, the family part judge impermissibly admitted, and relied on, a hearsay report authored by a psychologist student-intern serving as a consultant for the Division of Child Protection and Permanency (Division). The student-intern did not testify at trial regarding the information contained in the report, depriving defendant of any opportunity to cross-examine the author of the report as to the

2                                                                          A-4522-19

opinions and diagnoses contained in the document. The judge also improperly relied on hearsay testimony proffered by the Division's consulting licensed psychologist who had no direct involvement in evaluating the daughter. Nor did the Division's testifying psychologist independently review the data or information relied upon by the student-intern to prepare the daughter's psychological evaluation. Thus, we vacate and remand to the family court for further proceedings consistent with our opinion.

We need not provide a detailed recitation of the allegations against defendant. In brief, the daughter, age sixteen at the time, alleged her father sexually assaulted her on two occasions in March 2018. In recounting the abuse to various individuals, the daughter's description of the incidents differed.[2] Family members residing in the household at the time of the alleged abuse stated the daughter's allegations were untrue and reported the daughter frequently lied about life events.

The daughter's school counselor reported the abuse allegations to the Division on April 11, 2018. A Division case worked interviewed the daughter, the daughter's mother, L.G., the daughter's two stepbrothers, B.G. and N.L., and

---

[2] The daughter described the abuse to the following individuals: a counselor at her school; an investigating Division case worker, a student-intern who conducted a psychological evaluation, and a friend, N.

defendant. L.G. and defendant denied any sexual abuse. They claimed the daughter concocted the allegations after being punished for various behavioral issues, including the daughter's dating a nineteen-year-old male, skipping school, smoking marijuana, and hiding a cellphone in her room.

The Division arranged for the daughter to undergo a psychological evaluation at the Metropolitan Regional Diagnostic Treatment Center (RDTC). Jiwon Yoo,[3] a student intern at the RDTC, conducted the evaluation and prepared a written report (Yoo Report). The Division claimed Yoo was supervised by a licensed psychologist at the RDTC in connection with the preparation of the Yoo Report. Significantly, the supervising licensed psychologist did not submit a certification explaining her role, if any, in the preparation of the Yoo Report. Nor did the supervising licensed psychologist testify during the trial.

Despite defendant's objection to the Yoo report on hearsay and other grounds, the judge admitted that document into evidence. The Yoo report contained the daughter's self-reported statements of trouble sleeping,

---

[3] There is no curriculum vitae or any other information in the record regarding Yoo's qualifications to conduct a psychological evaluation. During oral argument, counsel could not confirm Yoo's credentials or educational experience at the time she prepared her report.

nightmares, and self-cutting on one occasion. The daughter also admitted lying in the past.

As part of the evaluation, Yoo performed a series of psychological tests and determined the daughter experienced "significantly more internalizing and externalizing problems than are typically reported by girls her age." Yoo concluded the daughter was "experiencing significant distress regarding her experience of sexual abuse by [defendant]." Based on the Yoo report, the daughter received a diagnosis of post-traumatic stress disorder and parent-child relational problems.

The Division did not present Yoo or her supervisor as witnesses at trial. Rather, the Division offered the expert testimony of Dr. Karen Christine Smarz, a senior psychologist at the RDTC. Defendant objected to Dr. Smarz's testimony because the doctor did not conduct the evaluation of the daughter, did not observe the daughter during the evaluation, and lacked any personal knowledge related to the daughter. Overruling defendant's objection, the judge allowed Dr. Smarz to testify under N.J.R.E. 703. However, the judge stated the doctor could not offer credibility determinations and her testimony would be limited to the factual findings in the Yoo Report.

While Dr. Smarz may have supervised Yoo and Yoo's direct supervisor during their time at the RDTC, Dr. Smarz did not claim to have supervised Yoo when Yoo evaluated the daughter. Nor did Dr. Smarz have any discussion with the licensed psychologist who allegedly supervised Yoo in performing the daughter's psychological evaluation. Dr. Smarz admitted she had no direct involvement in the daughter's psychological evaluation and relied exclusively on the Yoo report for her trial testimony.

Nor did Dr. Smarz prepare a separate expert report offering her diagnoses or opinions regarding the daughter from a psychological perspective. Despite the lack of her own report, the doctor testified the daughter "experienced some type of traumatic situation[] [m]ost likely sexual in nature." Based on the daughter's test results and the daughter's statements to Yoo, Dr. Smarz opined she would have made the same diagnosis as Yoo.[4] However, Dr. Smarz conceded any diagnoses or opinions she offered regarding the daughter's sexual abuse claim were "theoretical" because Dr. Smarz never met the daughter and behavioral observations and credibility determinations were an important component of any psychological evaluation.

---

[4] Dr. Smarz admitted she did not review the results of the tests performed by Yoo.

A-4522-19

In a November 16, 2018 order and written decision, the judge concluded the Division proved by a preponderance of the evidence that defendant "abused or neglected [the daughter] . . . pursuant to N.J.S.A. 9:6-8.21(c)." In reaching that determination, the judge found the daughter's out-of-court allegations of sexual abuse sufficiently corroborated under N.J.S.A. 9:6-8.46(a)(4) based on the Yoo report and Dr. Smarz's testimony.

On appeal, defendant argues the Family Part judge's abuse or neglect determination was not supported by competent admissible evidence and the judge erred in relying upon Dr. Smarz's conclusions. He also contends the family court lacked jurisdiction to find abuse or neglect under Title Nine because the Division's complaint only cited Title Thirty.

We first consider defendant's arguments related to the admission of the Yoo Report and testimony of Dr. Smarz. We agree the Yoo Report and the diagnoses and opinions of Dr. Smarz should not have been considered by the judge absent an appropriate evidentiary hearing and satisfaction of the necessary foundational requirements for admission of such evidence and testimony.

In reviewing the admission or exclusion of evidence, "we afford '[c]onsiderable latitude . . . [to a] trial court in determining whether to admit evidence, and that determination will be reversed only if it constitutes an abuse

of discretion.'" N.J. Div. of Child Prot. & Permanency v. N.B., 452 N.J. Super. 513, 521 (App. Div. 2017) (quoting N.J. Div. of Child Prot. & Permanency v. N.T., 445 N.J. Super. 478, 492 (App. Div. 2016)). Because the Family Part judge's rulings involved the application of legal principles rather than credibility determinations, we owe no special deference to those ruling. Ibid.

In establishing abuse or neglect under Title Nine, the Division must show by a preponderance of the "competent, material and relevant evidence" that the child is "abused or neglected." N.J.S.A. 9:6-8.46(b). "Such evidence may include 'any writing [or] record . . . made as a memorandum or record of any condition, act, transaction, occurrence or event relating to a child in an abuse or neglect proceeding of any hospital or any other public or private institution or agency,'" as long as it meets the requirements for admissibility "akin to the business records exception." N.J. Div. of Youth & Fam. Servs. v. P.W.R., 205 N.J. 17, 32 (2011) (quoting N.J.S.A. 9:6-8.46(a)(3)).

A child's statements alleging abuse or neglect must be corroborated to be admissible in evidence. N.J.S.A. 9:6-8.46(a)(4). The statute provides "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact finding of abuse or neglect."

8

Ibid. Accord P.W.R., 205 N.J. at 32-33. We review a trial court's corroboration determination de novo. N.J. Div. of Child Prot. & Permanency v. A.B., 231 N.J. 354, 369 (2017); N.J. Div. of Child Prot. & Permanency v. A.D., 455 N.J. Super. 144, 156 (App. Div. 2018).

In determining corroboration, "[a] child's statement need only be corroborated by '[s]ome direct or circumstantial evidence beyond the child's statement itself.'" A.D., 455 N.J. Super. at 157 (quoting N.B., 452 N.J. Super. at 522). "The most effective types of corroborative evidence may be eyewitness testimony, a confession, an admission or medical or scientific evidence." Ibid. (quoting N.J. Div. of Youth & Fam. Servs. v. L.A., 357 N.J. Super. 155, 166 (App. Div. 2003)). Corroborating evidence includes psychological evidence. N.J. Div. of Child Prot. & Permanency v. I.B., 441 N.J. Super. 585, 591 (App. Div. 2015). The evidence must be independently admissible for a court to deem it corroborative of a child's statement. See N.B., 452 N.J. Super. at 524-26 (finding evidence was insufficient to corroborate a child's statement because it constituted inadmissible hearsay).

The admissibility of reports on behalf of the Division must meet the prerequisites for admission of a business record under N.J.R.E. 803(c)(6), namely that the report is prepared by a professional consultant for the Division

and the report is maintained in the regular court of the Division's business.  N.B., 452 N.J. Super. at 524.  Even if the report satisfies these requirements, when the Division does not offer the expert as a witness, the expert's conclusions and diagnoses must satisfy N.J.R.E. 808.  See A.D., 455 N.J. Super. at 158.  "Expert diagnoses and opinions in a Division report are inadmissible hearsay, unless the trial court specifically finds they are trustworthy under the criteria in N.J.R.E. 808, including that they are not too complex for admission without the expert testifying subject to cross-examination."  N.T., 445 N.J. Super. at 487.

In the case of psychological reports, without the testimony of the expert who authored the report, the report is susceptible to exclusion under N.J.R.E. 808.  We have held a psychological diagnosis should be excluded as evidence when the expert who prepared the report is absent.  See A.D., 455 N.J. Super. at 160; N.B., 452 N.J. Super. at 524-26.

Here, because Yoo did not testify, the family court judge should have conducted a N.J.R.E. 808 hearing on the trustworthiness of the Yoo Report.  Given the inherently subjective nature of psychological reports, a N.J.R.E. 808 hearing was required prior to admitting the report as evidence.  Additionally, at a such hearing, the judge should have addressed whether Yoo's diagnoses and opinions contained in her report were sufficiently complex, requiring Yoo to

testify and be subject to cross-examination. Absent an evidentiary hearing, the diagnoses and opinions contained in the Yoo Report were inadmissible and thus could not serve to corroborate the daughter's sexual abuse allegations.

Instead of conducting a N.J.R.E. 808 evidentiary hearing on the Yoo Report, the family court judge concluded Dr. Smarz's testimony was admissible under N.J.R.E. 703, citing our unpublished decision in N.J. Div. of Child Prot. & Permanency v. G.G., No. A-4188-16 (App. Div. July 9, 2018). We do not rely on unpublished cases in reviewing appeals. See R. 1:36-3 ("No unpublished opinion shall constitute precedent or be binding upon any court."); see also Trinity Cemetery Ass'n v. Twp. of Wall, 170 N.J. 39, 48 (2001) (Vernerio, J., concurring) (noting an unreported decision "serve[s] no precedential value, and cannot reliably be considered part of our common law."). The judge's reliance on an unpublished decision to admit Dr. Smarz's testimony was mistaken.

We have allowed an expert's testimony "based on the work done or even hearsay evidence of another expert" provided when the "latter's work is supervised by the former." State v. Dishon, 297 N.J. Super. 254, 281 (App. Div. 1997). However, simply reading another expert's report does not allow the testifying expert to offer opinions or diagnoses in the absence of any independent evaluation.

Here, Dr. Smarz had limited knowledge regarding the preparation of the Yoo report. She did not review any documents, statements, or test results relied upon by Yoo in authoring the Yoo Report. Nor did Dr. Smarz supervise Yoo's evaluation of the daughter. Additionally, Dr. Smarz never authored her own report, stating her independent opinions and diagnosis regarding the daughter's psychological condition. Rather, Dr. Smarz testified generally about the RDTC's evaluation process without any details related specifically to the daughter's evaluation. Dr. Smarz candidly admitted she relied solely on the Yoo report for her testimony. Consequently, Dr. Smarz should not have been allowed to offer her opinions and diagnoses at trial.

The Division's failure to produce Yoo at trial deprived defendant of the ability to cross-examine Yoo regarding the opinions and diagnoses in her report. Yoo was the only person able to assess the daughter's behavior and evaluate the daughter's credibility in a one-on-one interview setting. As Dr. Smarz told the judge, behavioral observations and credibility determinations are important elements of a psychological evaluation. In the absence of a N.J.R.E. 808 hearing on the Yoo Report and the failure to produce Yoo to testify at trial, Yoo's diagnoses and opinions should not have been admitted as evidence in deciding whether defendant abused or neglected the daughter.

Having reviewed the record, we are satisfied a N.J.R.E. 808 evidentiary hearing on the admissibility of the Yoo Report and detailed findings on the Division's satisfaction of the evidentiary requirements for admission of Dr. Smarz's testimony were required prior to determining the daughter's allegations were sufficiently corroborated. Thus, the judge erred in concluding "[t]he report of the RDTC and the testimony of the expert amply serve as the required corroboration of [the daughter's] statements."

We next consider defendant's contention regarding the trial court's lack of jurisdiction to proceed with the abuse or neglect fact-finding hearing based on the Division's failure to assert a Title Nine action. We disagree.

Rule 5:12-1(b) requires complaints filed by the Division, pursuant to either N.J.S.A. 30:4C-1 or N.J.S.A. 9:6-8.21, include ". . . (4) a brief statement of the facts upon which the complainant relies, and (5) the exact nature of the relief which the complainant seeks and the statutes relied upon." Here, the Division filed a complaint citing Title Thirty only. Generally, the Division may file under Title Nine only if it suspects "abuse and neglect" of a child. N.J. Div. of Youth & Fam. Servs. v. K.M., 136 N.J. 546, 555 (1994). In contrast, the Division may file a cause of action under Title Thirty seeking to terminate parental rights for a variety of reasons. Id. at 556.

A Title Nine proceeding provides for removal of a child in a dangerous situation on a temporary, "interim" basis. N.J. Div. of Youth & Fam. Servs. v. R.D., 207 N.J. 88, 114 (2011). In contrast, a Title Thirty proceeding focuses on finding a permanent placement for the child. Ibid. Title Thirty and Title Nine proceedings can be consolidated. Id. at 113; see also N.J.S.A. 9:6–8.24(e) ("Any [abuse or neglect] hearing held before the Family Part may serve as a permanency hearing to provide judicial review and approval of a permanency plan for the child if all the [review and approval] requirements [under Title Thirty] are met.").

Here, the Division notified defendant it was proceeding under both Title Nine and Title Thirty. Despite the Division's failure to formally amend the complaint to include a claim under Title Nine, there are several court orders providing notice to defendant of the Title Nine allegations, including an April 26, 2018 order to show cause filed by the Division seeking temporary custody of the daughter based on abuse or neglect. Additionally, defendant was present in court when counsel discussed scheduling a Title Nine fact-finding hearing. Thus, we reject defendant's assertion he was unaware of the Division's Title Nine action and the trial court lacked jurisdiction to proceed under Title Nine absent the Division formally amending its complaint.

In reviewing the record, we note several documents included in defendant's appellate appendix were not part of the record before the trial court at the time of the abuse or neglect fact-finding hearings. Rule 2:5-4 provides appellate records consist of the "papers on file in the court or courts or agencies below, with all entries as to matters made on the records of such courts and agencies, the stenographic transcript or statement of the proceedings therein . . . ." Generally, we decline to consider evidence outside the record before the trial court. Pressler and Verniero, Current N.J. Court Rules, cmt. 1 on R. 2:5-4 (2021).

Here, the judge admitted five documents as evidence during the fact-finding hearings. Many documents in defendant's appellate appendix posted-dated the fact-finding hearings and, therefore, were never considered by the judge. Thus, defendant's reference to documents other than the exhibits admitted as evidence by the family court judge have not been considered by this court.

For the reasons stated, we are constrained to remand to the family court to analyze the admissibility of the Yoo report and the testimony of Dr. Smarz in accordance with the applicable evidence rules. Nothing in our decision should be interpreted as expressing our view on the scope or outcome of the remanded

proceedings.  The family court judge, exercising discretion, shall determine whether to reopen the record for the presentation of any additional evidence.

Vacated and remanded for further proceedings.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION